

# Fourth Court of Appeals
## San Antonio, Texas

May 5, 2020

No. 04-20-00157-CV

**IN THE INTEREST OF I.G.F., A CHILD**

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-PA-02151
Honorable Peter Sakai, Judge Presiding

# O R D E R

On March 10, 2020, attorney Amanda Wilhelm filed a notice of appeal on behalf of T.S., the mother of the child at issue in this accelerated appeal. On March 25, 2020, the clerk's record was filed. The clerk's record includes Wilhelm's March 10, 2020 trial court motion seeking to withdraw as appointed counsel for T.S., but it does not contain a signed order granting that motion. Because Wilhelm signed T.S.'s notice of appeal, she is still T.S.'s attorney of record in this court. *See* TEX. R. APP. P. 6.1(a) ("Unless another attorney is designated, lead counsel for an appellant is the attorney whose signature first appears on the notice of appeal.").

The reporter's record, which was also filed on March 25, 2020, contains the transcript of a March 18, 2020 hearing during which the trial court orally granted Wilhelm's motion to withdraw. The transcript also indicates the trial court's understanding that attorney Ana Hessbrook "has given verbal notice to all parties, and that she has been retained by the mother. . . . and will now continue as mother's counsel." Hessbrook did not appear during the March 18, 2020 hearing. However, the reporter's record indicates that attorney Charles Tabet, who represents the child's father, M.F., informed the trial court that he would "send e-mail notice to Ms. Hessbrook indicating what has happened today and indicating that she needs to follow up in light of the expedited appellate timetables for this particular case."

Hessbrook has not entered an appearance in this court on T.S.'s behalf. On April 7, 2020, Tabet filed a "Notice to the Court of Appeals" in this court, which stated that T.S.'s "new attorney"—presumably Hessbrook—"notified [Tabet] that she would be entering an appearance of behalf of [T.S.]." Tabet's notice also stated, however, that he was subsequently "notified by [T.S.'s] new attorney that she would not be appealing the final decision of the trial court" and that Tabet "agreed to notify this court of [T.S.'s] decision not to appeal the trial court's final decision." After receiving Tabet's notice, this court contacted both Hessbrook and Wilhelm on April 7, 2020 to inquire whether T.S. intended to pursue her appeal. This court did not receive a response from either attorney.

This court may voluntarily dismiss a civil appeal in accordance with (1) "a motion of appellant" or (2) "an agreement signed by the parties or their attorneys." The sole appellant in this case, T.S., has not filed a motion to dismiss her appeal, and Tabet's notice is not signed by the parties or T.S.'s attorney. TEX. R. APP. P. 42.1(a). As a result, we retain this appeal on this court's docket.

Because this case was initiated by a petition to terminate T.S.'s parental rights, the disposition of this appeal is governed by the standards set forth in Rule 6.2 of the Texas Rules of Judicial Administration. TEX. R. JUD. ADMIN. 6.2. Accordingly, this appeal is required to be brought to final disposition within 180 days of the date the notice of appeal was filed. *Id*. T.S.'s brief was due on April 14, 2020 and has not been filed. On April 16, 2020, we ordered appellant to either:

> (1) file her brief and a reasonable explanation for her failure to timely file the brief by May 1, 2020; or

> (2) file a motion that complies with Texas Rule of Appellate Procedure 42.1(a)(1) by April 27, 2020.

We did not receive any response to our April 16, 2020 order. We therefore **ORDER** this appeal **ABATED** and **ORDER** the trial court to conduct a hearing to answer the following questions:

> (1) Does appellant desire to prosecute her appeal?

> (2) Is appellant indigent? If appellant is indigent, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of new counsel.

> (3) Has appointed or retained counsel abandoned the appeal? Because sanctions may be necessary, the trial court should address this issue even if new counsel is retained or substituted before the date of the hearing.

The trial court may, in its discretion, receive evidence on the first two questions by sworn affidavit from appellant. The trial court shall, however, order attorney Amanda Wilhelm and attorney Ana Hessbrook to be present at the hearing in whatever format the trial court uses as a result of the COVID-19 pandemic.

We further **ORDER** the trial court to notify this court of the date of the hearing within 5 days of the date the hearing is set. Finally, we **ORDER** the district clerk and court reporter to, within 30 days of the date of the hearing, file a supplemental clerk's and reporter's records in this court which shall include: (1) a transcription of the hearing and copies of any documentary evidence admitted; (2) written findings of fact and conclusions of law; and (3) recommendations addressing the above enumerated questions.

The clerk of the court is **ORDERED** to serve this order on the parties, their attorneys of record in this court, and attorney Ana Hessbrook.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 5th day of May, 2020.



Michael A. Cruz,
Clerk of Court